RINDLER & WEILER, INC., et al., Plaintiffs, *v.* BLOCKTON REALTY CORPORATION et al., Defendants.

Supreme Court, Pre-Trial, New York County, March 4, 1954.

*Lewis B. Stackell* for plaintiffs.

*Milton P. Kinsey* and *Bernard Gartlir* for Blockton Realty Corporation, defendant.

STEUER, J. In a pretrial conference the parties were able to agree upon all of the issues except one question of law. They are also in accord as to what an equitable result would be if that question were decided as the plaintiff contends or as the defendant contends. Accordingly, they have agreed to submit the question to the court in a stipulation providing that if the decision favors the plaintiff it will be entitled to $9,000, and if it favors defendant, plaintiff would only be entitled to $3,000.

The facts are that defendant is the owner of a loft building in which plaintiff is a tenant. In a part of the building under the exclusive control of defendant a test tee or valve on a water pipe broke and water from the pipe flooded the premises occupied by plaintiff causing damage to its property. The question is whether the doctrine of *res ipsa loquitur* can be invoked by plaintiff to establish that defendant was negligent in its maintenance of the premises.

The rule of *res ipsa loquitur* is that under certain circumstances proof that an accident happened is prima facie evidence that it came about through the negligence of the defendant and, therefore, dispenses with further proof at least until evidence to the contrary is introduced. The rule can never be invoked unless the accident is one which ordinarily could not have occurred without negligence and where the agency which caused it was exclusively within the control of the defendant. Furthermore it will not apply where the accident could reasonably have resulted from any other cause. It does apply in any kind of case where negligence is the fair and reasonable inference from the facts (*Foltis* v. *City of New York,* 287 N. Y. 108).

It is accepted that an instrumentality such as this pipe valve would not break without cause. Experience shows that if the cause is connected with the pipe itself, as distinct from the application of outside force, there is generally some visible manifestation of its approach, discoverable by a reasonable examination. Where, as here, the pipe is open and uncovered failure to make such examination at reasonable intervals would be negligence. The situation would be different if the pipes were concealed and opportunities for inspection would be limited. In such a case notice would be an essential (*Fitzgerald* v. *Goldstein,* 56 Misc. 677).

It is true that the pipe might have broken for any of a number of reasons not implying negligence on the part of the defendant. Among those suggested are earthquake, extraordinary water pressure, vandalism and an inherent defect in the metal of the pipe not discoverable by a reasonable examination. All of these are possibilities but they are remote. The rule does not require the elimination of all such possibilities. There is always a possibility in any case that the result was due to a cause unconnected with negligence. Were it not so, the rule would be that proof of the accident established liability instead of it being that proof of the accident puts defendant to his proof to show his freedom from negligence. While the line between what sort of accident can or cannot be reasonably expected to be the result of defendant's negligence must necessarily be tenuous, there is a respectable line of authority to show that the general opinion is that this kind of accident is within the rule; and in instances where its application was held to be inappropriate it was pointed out that either exclusive control was not shown (*Moore* v. *Goedel,* 34 N. Y. 527) or in plaintiff's presentation other probable causes were shown to be present (*Silver* v. *Dry Dock Sav. Inst.,* 261 App. Div. 283; *Vogel* v. *Mercantile Lunch Co.,* 168 N. Y. S. 645).

It is, therefore, found that the facts here do give rise to application of the doctrine and the plaintiff is entitled to relief accordingly.