■ GEORGE E. LaRose, Respondent, v AMAZON ASSOCIATES, INC., Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 8, 1987, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is denied.

This action arises out of an accident on Adams Avenue near the intersection of Oser Avenue in Hauppauge, Suffolk County, involving a motorcycle operated southbound by the plaintiff who claimed he was forced to abandon his vehicle due to the unsignaled left turn of a northbound tractor trailer owned by the defendant and operated by its employee. In his affidavit in support of the motion for summary judgment the plaintiff alleged that when the tractor trailer turned in front of his motorcycle he was traveling at 30 miles per hour and did not have sufficient space to avoid hitting the defendant's vehicle. He, therefore, jumped off his motorcycle and threw it to the ground to avoid colliding with the tractor trailer. The plaintiff also submitted an affidavit from a disinterested eyewitness who supported his version of the facts. The police report annexed to the moving papers named two individuals as witnesses to the accident, one of whom submitted an affidavit in support of the motion. The defendant opposed the motion by its attorney's affirmation which asserted simply that the moving papers were insufficient to establish a prima facie case of negligence. The Supreme Court's granting of the motion prompted this appeal.

We conclude that this is not a case which properly lends itself to summary resolution, and, therefore, the Supreme Court erred in granting summary judgment to the plaintiff on the issue of liability. Because the issue of negligence and the reasonableness of the parties' conduct are questions of fact to be determined at a trial, negligence cases are rarely subject to being decided by motion for summary judgment (see, Andre v Pomeroy, 35 NY2d 361, 364; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8). At bar, whether the plaintiff acted prudently in abandoning his motorcycle and exercised the required degree of care under the circumstances are factual issues to be resolved at a trial.

Moreover, competing inferences may reasonably be drawn as to whether the conduct of the operator of the defendant's vehicle constituted negligence and whether that negligence, if any, proximately caused the accident at issue *(see, Myers v Fir Cab Corp.,* 64 NY2d 806; *Roth v City of New York,* 130 AD2d 732).

In view of our determination, we need not address the remaining issues raised by the defendant on this appeal. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.