■ NICK VELTRI, Appellant, v STANLEY STAHL et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about December 14, 1988, which denied plaintiff's motion for summary judgment, affirmed, without costs.

This is an action to recover damages for personal injuries sustained by plaintiff, Nick Veltri, on March 12, 1985, when a glass storm window fell from an apartment building and struck his arm as he walked on the sidewalk below. The building, located at 233 West 77th Street in Manhattan, is owned by defendant Stanley Stahl, and apartment 10H, from which the window is alleged to have fallen, is leased by defendant Daniel Engelstein.

Relying upon the doctrine of res ipsa loquitur, plaintiff moved for summary judgment against both defendants on the issue of liability, and now appeals the denial of this relief by the IAS court. We affirmed.

Because the doctrine of res ipsa loquitur creates an inference of negligence from the mere occurrence of an accident *(George Foltis, Inc. v City of New York,* 287 NY 108, 116; *see,* Richardson, Evidence § 93, at 68 [Prince 10th ed]), the submission of a case on this theory is generally warranted only when the plaintiff has established that: (1) the event was of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it was not due to any voluntary action or contribution on the part of the plaintiff. *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430, *mot to amend remittitur granted* 21 NY2d 793.)

In the case at bar, the IAS court has correctly determined, that, while the first and third elements of res ipsa loquitur appear to have been met, the element of exclusive control is far from resolved on the facts presented. Before exclusive control may be established, the evidence " 'must afford a

rational basis for concluding that the cause of the accident was probably "such that the defendant would be responsible for any negligence connected with it" ' ". *(Dermatossian v New York City Tr. Auth., supra,* at 227.)

No such conclusion may be reached with respect to either of the within defendants, since the defendant owner was not in actual possession of the apartment from which the window fell, and the defendant lessee was out of the country at the time of the accident, and has asserted that he played no role in the installation or cleaning of the windows. Moreover, the lease neither specifies which of the defendants is responsible for the maintenance of the storm windows nor establishes a common duty with respect thereto. *(See, De Witt Props. v City of New York,* 44 NY2d 417, 427.) These circumstances are readily distinguishable from those found in *Bressler v New York R. T. Corp.* (277 NY 200), relied upon by our partially dissenting colleague, where, as resolved by the Court of Appeals in an earlier opinion in the same case, the defendant was at all relevant times in control of the subway car. *(See, Bressler v New York R. T. Corp.,* 270 NY 409, 413; *Dermatossian v New York City Tr. Auth., supra,* at 228.)

Thus, the IAS court properly determined that res ipsa loquitur was inapplicable in the within circumstances. Indeed, summary judgment would have been improper in any event, since "[r]es ipsa loquitur does not create a presumption in favor of the plaintiff but merely permits the inference of negligence to be drawn from the circumstance of the occurrence * * * [thereby] creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible inference". *(Dermatossian v New York City Tr. Auth., supra,* at 226; *Sacramona v Scalia,* 36 AD2d 942.)

For these reasons, the order denying plaintiff's motion for summary judgment is affirmed. Concur—Ross, Asch, Kassal and Rosenberger, JJ.

Kupferman, J. P., concurs in part and dissents in part in a memorandum as follows: While the majority is correct in affirming the denial of summary judgment, it misunderstands the doctrine and function of res ipsa loquitur. The doctrine is well analyzed by the Court of Appeals in *Dermatossian v New York City Tr. Auth.* (67 NY2d 219, 226-228).

In *Dermatossian (supra,* at 228), it was obvious that the grab handle on the bus "was continuously available for use by defendant's passengers". Had that not been the case, the

result could have allowed an inference as per *Bressler v New York R. T. Corp.* (277 NY 200). In the latter case, the plaintiff was injured, as she sat in a subway train, by a pane of glass which shattered. By virtue of the res ipsa loquitur doctrine, a prima facie case of negligence was made out and the defense had to meet the "presumption" arising from the accident. It offered the defense that the glass was broken by boys on the outside throwing stones.

In the case at bar, all that the plaintiff did was walk on the sidewalk, and the allegation is that the glass storm window which hit him came from an apartment in a building owned by one defendant and leased by the other. Together they have the real property fee.

The *Bressler* case *(supra)* is right on point and is not rendered distinguishable by *Dermatossian (supra)*.