■ SHINSHINE CORP., Respondent, v KINNEY SYSTEM, INC., Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered July 11, 1990, which granted plaintiff's motion for summary judgment on the issue of liability and directed an assessment of damages, unanimously reversed, on the law, and the motion is denied, with costs.

Plaintiff operates a delicatessen in ground floor space it subleases from defendant; on the remaining six floors above plaintiff's premises, defendant operates a public parking garage. Opening up for business one Monday morning after being closed for the weekend, plaintiff found that its drop ceiling had collapsed, that parts of the "concrete deck" that constitutes the floor of the garage above it had fallen into its premises, and that dust and water were flowing into its premises at several locations. Plaintiff sued defendant for negligence, and, moving for summary judgment, argued that this "ceiling-collapse case" calls for application of the doctrine of res ipsa loquitur. Its proof, however, went beyond the occurrence itself, and included evidence showing that use of the second floor as a public parking garage was in violation of the building's certificate of occupancy, and other evidence tending to show that the structural integrity of what was already poor quality concrete had been severely eroded over time by car traffic, de-icing salts and water, and that the defective condition of the concrete was apparent in the form of cracking and spalling. In opposition, defendant adduced proof tending to show that plaintiff's ceiling collapsed because of flooding that occurred when a sprinkler pipe burst; that the sprinkler system had never malfunctioned before; that there

was no reason to believe that the drainage system was inadequate for the "expected flow of water" carried into the garage; that cracks in concrete are not necessarily an indication of unacceptable permeability or structural deficiencies; and that the concrete deck was in a condition adequate to prevent leakage to the store below as a result of "normal" amounts of water coming upon it. In reply, plaintiff argued that if, as defendant asserts, the accident was caused by a burst pipe, then this too calls for application of the doctrine of res ipsa loquitur. IAS granted plaintiff summary judgment.

While it is true that both collapsed ceilings (see, *Dittiger v Isal Realty Corp.,* 290 NY 492) and water main breaks (see, *De Witt Props. v City of New York,* 44 NY2d 417, 426; *Rindler & Weiler v Blockton Realty Corp.,* 205 Misc 355) have been held to be the sort of events suitable for res ipsa loquitur treatment, the question of whether the doctrine is applicable in a particular case is almost invariably of no moment except in the context of charging a jury, and such is certainly the case here. "It is the rare case in which a plaintiff will be entitled to a directed verdict [or summary judgment] because the prima facie proof is so convincing that the inference [of negligence] arising therefrom is inescapable if not rebutted by other evidence" (*Weeden v Armor Elevator Co.,* 97 AD2d 197, 204). As has been said many times, res ipsa loquitur is a rule of evidence that creates a permissible inference of negligence, not a rebuttable presumption (*George Foltis, Inc. v City of New York,* 287 NY 108). Just as it permits a plaintiff to go to the jury in the absence of direct proof of fault, so too it permits a defendant to go to the jury in the absence of direct proof of no fault. A burst water pipe, even though unexplained, is not the type of occurrence which, by itself and unattended by other exceptional circumstances, creates an inference of negligence so strong as to leave no serious doubt that it could have been avoided by the exercise of due care (see, *George Foltis, Inc. v City of New York, supra,* at 121; compare, *Horowitz v Kevah Konner, Inc.,* 67 AD2d 38).

Nor can defendant be held liable in negligence as a matter of law by reason of the additional fact that its use of the second floor as a public parking garage was in violation of the building's certificate of occupancy. In this regard, an obvious issue of fact exists as to whether such use was a proximate cause of the occurrence. And, assuming proximate cause, the violation of an ordinance does not establish negligence as a matter of law (*Long v Forest-Fehlhaber,* 55 NY2d 154, 160). Concur—Murphy, P. J., Wallach, Asch, Kassal and Smith, JJ.