■ THERESA DAVIS et al., Respondents, v FEDERATED DEPARTMENT STORES, INC., Doing Business as ABRAHAM & STRAUSS, Appellant. [642 NYS2d 707] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), entered May 11, 1995, as granted the branch of the plaintiffs' motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the plaintiffs' motion which was for summary judgment on the issue of liability is denied.

The plaintiff Theresa Davis (hereinafter Davis) was shopping in the defendant's department store when she was hit and injured by a pole that fell from a flatbed cart. The cart held various components of display racks, including a long pole, that had been disassembled and placed there by the defendant's employees. Thereafter, the plaintiffs moved for partial summary judgment on the issue of liability, relying in part on the doctrine of res ipsa loquitur. In support, they submitted, *inter alia,* the deposition testimony of Cindy Palmieri, a disinterested witness. Palmieri testified that approximately one-half hour before the accident, she was shopping in the area where the accident occurred. At that time, she observed the cart with a pole sticking up from one end. She continued shopping, going into and out of the store's dressing rooms. After one-half hour passed, Palmieri again observed the cart with no one around it

and the pole still sticking up. As she continued to watch, Palmieri saw the pole suddenly fall and strike Davis.

Although concluding that the doctrine of res ipsa loquitur was inapplicable, the Supreme Court granted the branch of the plaintiffs' motion which was for summary judgment on the issue of liability. We disagree.

Even where the relevant facts are uncontested, summary judgment is rarely appropriate in negligence cases, inasmuch as the issue of whether the defendant or the plaintiff acted reasonably under the circumstances can rarely be resolved as a matter of law (*see, Andre v Pomeroy,* 35 NY2d 361, 364; *Garcia v J. C. Duggan, Inc.,* 180 AD2d 579). On this record, we cannot conclude that the defendant was negligent as a matter of law (*see, e.g., LaRose v Amazon Assocs.,* 139 AD2d 568).

Moreover, the plaintiffs are not entitled to summary judgment based on the doctrine of res ipsa loquitur. A rule of evidence, the doctrine provides a permissible inference of negligence, rather than a presumption (*see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226). Application of the doctrine as a basis for summary judgment in this case would therefore be inappropriate (*see, Shinshine Corp. v Kinney Sys.,* 173 AD2d 293; *Veltri v Stahl,* 155 AD2d 287). Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.