■ MICHAEL TRAPANI, an Infant, by SALVATORE TRAPANI, His Parent and Natural Guardian, et al., Respondents, v ROCHESTER GAS AND ELECTRIC CORPORATION, Respondent-Appellant, and TOWN OF GATES et al., Respondents. [645 NYS2d 229] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of defendant Rochester Gas and Electric Corporation (RG&E) for summary judgment dismissing the complaint in this negligence action. Plaintiffs' son inadvertently touched a 7200 volt primary wire owned by RG&E while climbing a tree; the shock caused him to fall 25 feet to the ground. Plaintiffs submitted proof in evidentiary form raising an issue of fact whether RG&E properly insulated the wire (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiffs also raised an issue of fact whether RG&E failed to exercise reasonable care in operating and maintaining its power line (*see, Miner v Long Is. Light. Co.,* 40 NY2d 372, 378-379). Contrary to RG&E's contention, plaintiffs' expert witness, Ralph Bozarth, a licensed engineer with experience in the electrical industry, possesses the requisite skill,

training and knowledge to render an opinion regarding the proper insulation of power lines (see, Matott v Ward, 48 NY2d 455, 459).

We further conclude that the court properly granted the cross motion for summary judgment of defendants Laidlaw Tree Service, Inc., and Lewis Tree Services, Inc. (referred to collectively as Laidlaw), which are successors in interest to Monroe Tree & Lawn Tender, Inc., an independent contractor hired by RG&E to trim the tree from which plaintiffs' son fell. Laidlaw trimmed the tree in accordance with RG&E specifications at least 14 months before the accident. RG&E inspected and approved Laidlaw's work. Thus, Laidlaw performed its contractual duties owed to RG&E and, under the circumstances of this case, it did not owe a further duty of care to plaintiffs or the general public (see generally, Waters v New York City Hous. Auth., 69 NY2d 225, 229; Strauss v Belle Realty Co., 65 NY2d 399, 402-403). In the absence of such a duty, Laidlaw cannot be held liable for negligence (see, Pulka v Edelman, 40 NY2d 781, 782, rearg denied 41 NY2d 901). (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.