■ MIRIAM FEUER, as Conservator for SAMUEL FEUER, Conservatee, et al., Respondents, v HASC SUMMER PROGRAM, INC., et al., Appellants. [668 NYS2d 700] —In an action, *inter alia*, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated February 20, 1997, which denied their motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the plaintiffs' cross motion for summary judgment on the issue of liability and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the defendants.

The plaintiff Samuel Feuer was allegedly injured when the wheelchair in which he was sitting tipped over while being pushed by the defendant Naftoli Basch, an employee of the defendant HASC Summer Program, Inc.

The Supreme Court properly denied the defendants' motion for summary judgment as there exists a question of fact as to whether the defendants had actual notice of the allegedly defective condition which caused the injured plaintiff's wheelchair to tip over (*see generally, Gordon v American Museum of Natural History*, 67 NY2d 836).

However, the Supreme Court improperly granted the plaintiffs' cross motion for summary judgment on the issue of liability. While the doctrine of res ipsa loquitur may apply to the circumstance at bar (*see, Cunningham v Vincent*, 234 AD2d 648; *see generally, Kambat v St. Francis Hosp.*, 89 NY2d 489, 494), the doctrine is a rule of evidence, which merely provides a permissible inference of negligence, rather than a presumption. The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible infer-

ence (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). Thus, application of the doctrine as a basis for granting summary judgment would be inappropriate (*see, Davis v Federated Dept. Stores*, 227 AD2d 514; *Shinshine Corp. v Kinney Sys.*, 173 AD2d 293, 294; *Veltri v Stahl*, 155 AD2d 287, 288).

The defendants' contention that a court stenographer should have been present at oral argument of the motion and cross motion is without merit (*see*, Judiciary Law § 295; *Stevenson v City of Rome*, 237 AD2d 946). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.