(December 8, 1998)

■ JAMES MOLLOY, Appellant, v 750 7TH AVENUE ASSOCIATES, Respondent. [681 NYS2d 253] —Judgment, Supreme Court, New York County (David Saxe, J.), entered August 18, 1997, which, in this action for personal injuries brought pursuant to Labor

Law §§ 200 and 241 (6), dismissed the complaint, unanimously reversed, on the law, without costs, and the judgment vacated, and order, same court and Justice, entered July 30, 1997, brought up for review by the appeal from the judgment, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion insofar as it seeks summary judgment dismissing plaintiff's Labor Law § 200 cause of action and to reinstate that cause of action, and otherwise affirmed, without costs.

We agree with the motion court that plaintiff's work changing elevator contacts and cables, putting new chips in computer boards and painting and cleaning the elevator motor room was mere routine maintenance activity and, as such, not akin to the significant structural work involved in *Joblon v Solow* (91 NY2d 457), and, accordingly, did not function to bring plaintiff within the protective ambit of Labor Law § 241 (6). However, upon our review of the record, we find that there is a triable issue of fact as to whether defendant had constructive notice of the slippery foreign substance alleged to have caused plaintiff's fall, and the existence of that factual issue precludes summary disposition of plaintiff's Labor Law § 200 cause of action (*cf., McCormack v Helmsley-Spear, Inc.*, 233 AD2d 203). Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.