■ FELIX VAYNBERG, Respondent, v PROVIDENT OPERATING CORP. et al., Appellants. [703 NYS2d 208] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated March 3, 1999, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the motion which was for summary judgment on the issue of liability is denied.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Res ipsa loquitur is a rule of evidence, which merely provides a permissible inference of negligence, rather than a presumption (*see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *Feuer v HASC Summer Program,* 247 AD2d 429; *Davis v Federated Dept. Stores,* 227 AD2d 514). Thus, application of the doctrine as a basis for awarding summary judgment is inappropriate (*see, Feuer v HASC Summer Program, supra; Davis v Federated Dept. Stores, supra; Shin-*

*shine Corp. v Kinney Sys.,* 173 AD2d 293, 294; *Veltri v Stahl,* 155 AD2d 287, 288). Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.