■ LELAND CASEY, JR., et al., Respondents-Appellants, v NI-AGARA MOHAWK POWER CORP. et al., Respondents, and CONSOLIDATED RAIL CORP. et al., Appellants-Respondents. NIAGARA MOHAWK POWER CORPORATION, Third-Party Plaintiff, v PARK OUTDOOR ADVERTISING OF NEW YORK, INC., Third-Party Defendant-Appellant. CONSOLIDATED RAIL CORPORATION et al., Third-Party Plaintiffs, v PARK OUTDOOR ADVERTISING OF NEW YORK, INC., Third-Party Defendant-Appellant-Respondent. (Appeal No. 1.) [703 NYS2d 618] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action

to recover damages for injuries sustained by Leland Casey, Jr. (plaintiff) when his aluminum ladder came into contact with a 23,000-volt power line. At the time of the accident, plaintiff was performing touch-up painting on a billboard owned by his employer, third-party defendant, Park Outdoor Advertising of New York, Inc. (Park). Supreme Court properly granted those parts of the motion of defendants Consolidated Rail Corp., Conrail, Inc., Transportation Displays Incorporated, doing business as TDI, formerly known as Winston Network, Inc., American Out of Home Media Network, Inc., A.M.N.I. America, Inc., also known as TDI Outdoor, Inc., formerly known as Intermediate Advertising Display, Inc., and Transportation Display, Inc. (collectively Conrail/TDI) and the cross motion of defendant Niagara Mohawk Power Corp. (Niagara Mohawk) seeking summary judgment dismissing the Labor Law § 200 claims against them. Conrail/TDI and Niagara Mohawk each met their burden of establishing as a matter of law that they did not have the authority to control the activity bringing about plaintiff's injury (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 352; *Russin v Picciano & Son,* 54 NY2d 311, 317), and plaintiffs' submissions in opposition to the motion and cross motion fail to raise a triable issue of fact.

The court also properly granted that part of the cross motion of Niagara Mohawk seeking summary judgment dismissing the Labor Law § 241 (6) claim against it. The court erred, however, in denying that part of the motion of Conrail/TDI seeking summary judgment dismissing that claim against them. Plaintiff's touch-up painting "does not, under the circumstances of this case, constitute 'construction, excavation, or demolition work' within the purview of Labor Law § 241 (6)" (*Cook v Parish Land Co.,* 239 AD2d 956; *see, Noah v IBC Acquisition Corp.,* 262 AD2d 1037, *lv dismissed* 93 NY2d 1042; *Molloy v 750 7th Ave. Assocs.,* 256 AD2d 61, 62).

The court also erred in granting that part of the cross motion of Niagara Mohawk seeking summary judgment dismissing the common-law negligence cause of action against it. Assuming, arguendo, that Niagara Mohawk met its initial burden on the cross motion, we conclude that plaintiffs submitted proof in evidentiary form raising a triable issue of fact whether Niagara Mohawk discharged its duty to exercise reasonable care in the operation and maintenance of its power line (*see, Trapani v Rochester Gas & Elec. Corp.,* 229 AD2d 923, *lv dismissed in part and denied in part* 89 NY2d 937; *Holtz v Niagara Mohawk Power Corp.,* 147 AD2d 857, 858-859).

The court properly denied that part of the cross motion of

Park seeking an order granting it indemnification against defendant Matthew Outdoor Advertising, Inc., doing business as Matthew Outdoor Advertising (Matthew). Park failed to meet its burden of establishing its entitlement to that relief under the terms of the asset purchase agreement. We do not address the contention of Conrail/TDI that the court erred in denying those parts of their motion seeking an order of contractual or common-law indemnification against Matthew and Park. The notice of appeal limits the appeal of Conrail/TDI to that part of the order denying that part of their motion seeking summary judgment dismissing the Labor Law § 241 (6) claim and states that they do not appeal from any other part of the order or from the amended order (see, Mascitti v Greene, 250 AD2d 821, 823).

We modify the order in appeal No. 1, therefore, by granting that part of the motion of Conrail/TDI seeking summary judgment dismissing the Labor Law § 241 (6) claim against them and denying that part of the cross motion of Niagara Mohawk seeking summary judgment dismissing the common-law negligence and derivative causes of action against it and reinstating those causes of action against Niagara Mohawk. (Appeals from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Green, A. P. J., Pine, Pigott, Jr., and Scudder, JJ.