■ HERMINDA FERNANDEZ, Respondent, v SALVATORE SAFONTE et al., Respondents, and BROOKLYN UNION GAS COMPANY, Appellant. [705 NYS2d 267] —In an action to recover damages for personal injuries, the defendant Brooklyn Union Gas appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated February 4 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff sued, among others, the defendant Brooklyn Union Gas Company (hereinafter BUG) after her stove exploded when she attempted to ignite it. Her claim against BUG was premised on the theory that it had not properly "odorized" the gas, i.e., had failed to add certain sulfur compounds to the gas so that escaping gas could be detected by smell.

BUG submitted evidence in admissible form, i.e., the plaintiff's testimony at her examination before trial, that on three separate occasions on the day of the incident she smelled gas when she attempted to ignite the stove. The stove exploded during the third attempt. Thus, BUG established its entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact on the issue of whether BUG's al-

leged failure to properly odorize the gas was a proximate cause of the accident (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065).

Here, unlike the cases relied upon by the respondents (see, Lamitie v Emerson Elec. Co.—White Rodgers Div., 241 AD2d 827; Van Slyke v Pargas, Inc., 69 AD2d 927), there was no conflicting testimony as to whether the plaintiff smelled gas prior to the explosion or whether the plaintiff had sufficient warning that gas was escaping from her stove prior to the explosion. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.