■ ANTHONY C. TARSON et al., Appellants, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents. [718 NYS2d 755]

—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of Jim Stagnitta Electric (defendant) seeking summary judgment dismissing the complaint against it. Plaintiffs commenced this action seeking damages for injuries sustained by Anthony C. Tarson (plaintiff) from an electric shock when he touched a current transformer box that had been installed the day before, outside a restaurant. The box was installed by James Stagnitta, the owner of defendant, under the supervision of defendant Niagara Mohawk Power Corporation (NiMo). The installation of the box included the placement of six lugs to hold the conductors in place. The lugs were supplied by NiMo, which inspected and approved defendant's work. One of the lugs cracked and failed, and the box became energized by a conductor when plaintiff jostled the box. During the course of the installation, Stagnitta had discovered a hairline crack in one of the lugs as he was tightening it. He gave the cracked lug to a NiMo employee who then discovered in his supply of lugs another cracked lug made by the same manufacturer. After the discovery of the second cracked lug, Stagnitta replaced the initial cracked lug with a lug made by a different manufacturer.

Defendant failed to meet its initial burden of establishing that it was free from negligence as a matter of law in proceeding with the installation without replacing all the lugs made by the manufacturer of the defective lugs or, at least, inspecting them to determine whether they had the same defect. Whether it acted reasonably under the circumstances after becoming aware of the defective lugs is for the trier of fact to resolve (*see, Andre v Pomeroy*, 35 NY2d 361, 364). Furthermore, the supplemental affidavit of plaintiffs' expert creates an issue of fact whether the lug cracked and failed because it was not properly tightened to the manufacturer's recommended torque. We reject the contention of defendant that it is not liable as a matter of law because it acted at the direction of NiMo, which supplied the lugs and approved defendant's work. Defendant was working for the owner of the restaurant (*cf., Trapani v Rochester Gas & Elec. Corp.*, 229 AD2d 923, 924, *lv dismissed in part and denied in part* 89 NY2d 937), and it owed an obligation to perform its work "in a good and workmanlike manner" (*Miccio v Wade Lupe Constr. Co.*, 207 AD2d 599, 601).

We further conclude that the court properly denied plaintiffs' cross motion for partial summary judgment on the issue of liability. Plaintiffs allege that they are entitled to partial summary judgment based on the doctrine of res ipsa loquitur, but

that doctrine does not provide a basis for awarding summary judgment (*see, Vaynberg v Provident Operating Corp.*, 269 AD2d 442; *Feuer v HASC Summer Program*, 247 AD2d 429). Rather, "the doctrine is a rule of evidence, which merely provides a permissible inference of negligence, rather than a presumption" (*Feuer v HASC Summer Program, supra*, at 429). We therefore modify the order by denying the motion of defendant and reinstating the complaint against it. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Wisner and Lawton, JJ.