■ PAULINE CAPOLONGO et al., Appellants, v GIANT CARPET, Respondent. [738 NYS2d 680] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated November 28, 2000, as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

While shopping at the defendant's carpet store, the plaintiff Pauline Capolongo was injured when a 12-foot by 15-foot carpet and the metal beam from which it was hanging fell down upon her. The plaintiffs sought summary judgment on the issue of liability based upon the doctrine of res ipsa loquitur.

Summary judgment was properly denied. Without deciding whether the doctrine of res ipsa loquitur is applicable in this case, we note that the doctrine is a rule of evidence which merely provides a permissible inference of negligence rather than a presumption (*see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226; *Vaynberg v Provident Operating Corp.,* 269 AD2d 442; *Feuer v HASC Summer Program,* 247 AD2d 429). Therefore, application of the doctrine as a basis for awarding summary judgment is inappropriate (*see, Vaynberg v Provident Operating Corp., supra; Davis v Federated Dept. Stores,* 227 AD2d 514). Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.