■ SONIA M. MARTINEZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [738 NYS2d 383] —In an action to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 10, 2001, which denied her motion for summary judgment against the defendant City of New York on the issue of liability.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly found that she is not entitled to summary judgment against the defendant City of New York based upon the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur permits an inference of negligence to be drawn from the happening of an accident solely upon the theory that "certain occurrences contain within themselves a sufficient basis for an inference of negligence" (*George Foltis, Inc. v City of New York,* 287 NY 108, 116; *see, Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226). "The rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury, and the jury may—but is not required to—draw the permissible inference" (*Dermatossian v New York City Tr. Auth., supra* at 226). Since the doctrine of res ipsa loquitur is a rule of evidence, which merely provides a permissible inference of negligence, rather than a presumption, its application as a basis for an award of summary judgment is inappropriate (*see, Tarson v Niagara Mohawk Power Corp.,* 278 AD2d 865; *Vaynberg v Provident Operating Corp.,* 269 AD2d 442; *Feuer v HASC Summer Program,* 247 AD2d 429; *Davis v Federated Dept. Stores,* 227 AD2d 514). In any event, the plaintiff's evidentiary submissions failed to establish, as a matter of law, that the instrumentality which caused the subject accident was in the exclusive control of the defendant City of New York (*see, De Witt Props. v City of New York,* 44 NY2d 417; *Greenidge v HRH Constr. Corp.,* 279 AD2d 400). Ritter, J.P., Smith, Krausman and Townes, JJ., concur.