■ DANIEL MEDICI, Appellant, v ITALIAN ORNAMENTAL IRON WORKS et al., Respondents. [757 NYS2d 903] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered September 11, 2002, as denied that branch of his motion which was for summary judgment on the issue of liability. The appeal brings up for review so much of an order of the same court, dated October 17, 2002, as, upon reargument of that branch of the motion, adhered to the original determination (see CPLR 5517 [b]).

Ordered that the appeal from the portion of the order entered September 11, 2002, which denied that branch of the motion which was for summary judgment on the issue of liability is dismissed, as that portion of the order was superseded by the order dated October 17, 2002, made upon reargument; and it is further,

Ordered that the order dated October 17, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court, upon reargument, correctly adhered to its determination denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability. A party seeking such relief must set forth evidentiary facts sufficient to entitle that party to judgment as a matter of law (see CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Only when the initial burden is met does the burden shift to the opposing party to demonstrate the existence of a factual issue requiring a trial of the action or to tender an acceptable excuse for his or her failure to do so (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Matter of Ward, 242 AD2d 303 [1997]). In this case, the Supreme Court properly determined that the plaintiff failed to sufficiently establish that he was entitled to judgment as a matter of law. Florio, J.P., H. Miller, Adams and Mastro, JJ., concur.