(February 17, 2004)

■ Kenyon Algood et al., Respondents-Appellants, v 2160-2164 Caton, LLC, et al., Appellants-Respondents, and Brooklyn Union Gas, Respondent. [772 NYS2d 365]—

In an action to recover damages for personal injuries, etc., the defendants 2160-2164 Caton, LLC, and Hager Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated October 9, 2002, as denied their motion for summary judgment and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for leave to serve and file a supplemental bill of particulars and granted the cross motion of the defendant Brooklyn Union Gas for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

The infant plaintiff sustained personal injuries and his father, the plaintiffs' decedent, sustained fatal injuries in a gas explosion which occurred in the apartment of the plaintiffs' decedent in a building owned and managed by the defendants 2160-2164 Caton, LLC, and Hager Management Corp. (hereinafter the landlords).

Brooklyn Union Gas established its entitlement to summary judgment by furnishing evidence that it neither created nor had actual or constructive notice of any alleged dangerous condition (*see Famularo v Havasi,* 221 AD2d 587 [1995]) and the plaintiffs failed to raise a triable issue of fact on that issue. However, the testimony of the landlords' employees at their examinations

before trial indicated that the landlords had notice of a gas leak, and established that there are issues of fact as to whether their response was timely and adequate. The injured plaintiff's conduct in attempting to fix the leak himself and then igniting a match to light his cigarette is relevant on the issue of comparative negligence.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.