■ HEIDE WELLS et al., Appellants, v PETER A. MONSEN et al., Respondents, et al., Defendants. [775 NYS2d 586]—In an ac-

tion to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Burke, J.), dated July 10, 2003, which denied their motion for summary judgment on the issue of liability on their claims asserted against the defendants Dix Hills Supercenter, Ltd., Peter A. Monsen, individually and doing business as Yoga College of India, Patricia A. Monsen, and Peter A. Monsen, individually and doing business as Bikram College of India, and Yoga Bears, Inc.

Ordered that the order is affirmed, with costs.

The plaintiffs moved for partial summary judgment on the issue of liability on their claims asserted against the defendants Dix Hills Supercenter, Ltd., Peter A. Monsen, individually and doing business as Yoga College of India, Patricia A. Monsen and Peter A. Monsen, individually and doing business as Bikram College of India, and Yoga Bears, Inc., based on the doctrine of res ipsa loquitur.

As the moving parties, the plaintiffs were required to tender evidentiary proof in admissible form sufficient to warrant judgment in their favor as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The plaintiffs' motion was properly denied since the papers submitted in support of their motion were not in admissible form (*see* CPLR 3212, 4518; *Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531 [1997]; *Lawlor v County of Nassau*, 166 AD2d 692 [1990]; *Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252 [1984]).

In any event, application of the doctrine of res ipsa loquitur as a basis for granting summary judgment in this case would have been inappropriate (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]; *Feuer v HASC Summer Program*, 247 AD2d 429 [1998]; *Davis v Federated Dept. Stores,* 227 AD2d 514 [1996]). Santucci, J.P., Altman, S. Miller and Goldstein, JJ., concur.