RICHARD MANNING, Appellant, v CURTICE-BURNS, INC., et al., Respondents. [784 NYS2d 781]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered June 24, 2003. The order denied plaintiff's motion for partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a can fell off a pallet and struck him around his left ankle, and now appeals from an order denying his motion for partial summary judgment on liability pursuant to the doctrine of res ipsa loquitur. At the time of the accident, plaintiff was working as a service technician and was standing next to a stretch wrapper machine to determine the cause of its malfunction. Plaintiff asked that a pallet be brought to the machine so that he could watch the machine operate. Using a forklift, an employee of defendant Agri Link Foods, Inc. picked up a pallet containing seven layers of one-gallon cans of vegetables and drove the forklift to the stretch wrapper machine. When the forklift reached the machine, one of the cans fell from the top of the pallet and struck plaintiff, who was standing with his back to the forklift.

Contrary to defendants' contention, summary judgment may be granted in a res ipsa loquitur case where a plaintiff makes a prima facie showing of the three elements of that doctrine and

the "prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted" (*Salter v Deaconess Family Medicine Ctr.* [Appeal No. 2], 267 AD2d 976, 977 [1999]; *see Harmon v United States Shoe Corp.,* 262 AD2d 1010 [1999]; *see also Morgan v Solomon,* 305 AD2d 982, 984 [2003]). Plaintiff, however, is not entitled to summary judgment in this case because he failed to establish that no negligence on his part contributed to the happening of the event (*see Lee v Bonavita,* 216 AD2d 8 [1995]; *Cacciolo v Port Auth. of N.Y. & N.J.,* 186 AD2d 528, 529 [1992]; *see generally States v Lourdes Hosp.,* 100 NY2d 208, 211-212 [2003], *rearg denied* 100 NY2d 577 [2003]). Plaintiff admitted that a person could be injured by standing in front of a forklift and that he heard and saw the forklift coming, yet he stood next to the stretch wrapper machine and turned his back to the approaching forklift. Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.