■ MARIA MOREJON, Respondent, v RAIS CONSTRUCTION COMPANY et al., Appellants, et al., Defendants. [795 NYS2d 654]—

In an action, inter alia, to recover damages for wrongful death, the defendants Rais Construction Company, Cesar Amadeo Rais, and Nora Sanchez appeal, as limited by their brief, from so much an order of the Supreme Court, Queens County (Golar, J.), dated February 26, 2004, as, upon reargument, granted that branch of the plaintiff's cross motion which was for partial summary judgment against them on the issue of liability on the cause of action to recover damages for common-law negligence based on the doctrine of res ipsa loquitur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion which was for partial summary judgment against the appellants on the issue of liability on the cause of action to recover damages for common-law negligence based on the doctrine of res ipsa loquitur is denied, and that cause of action is reinstated.

While delivering materials to a private residence that was

undergoing renovation, the plaintiff's decedent allegedly was injured when building materials fell from the roof of the house and struck his head. The plaintiff commenced this action against, among others, the defendant Rais Construction Company, the general contractor, and the individual defendants Cesar Amadeo Rais and Nora Sanchez, its principals. The plaintiff successfully moved for partial summary judgment against those defendants on the issue of liability on the cause of action to recover damages for common-law negligence based on the doctrine of res ipsa loquitur.

Without deciding whether the doctrine of res ipsa loquitur applies in this case, we note that the doctrine "may not be used as the basis for granting summary judgment in favor of a plaintiff on the issue of liability" (*Louison v St. Mary's Hosp. of Brooklyn*, 11 AD3d 518, 518 [2004]; *see also Martinez v City of New York*, 292 AD2d 349 [2002]; *Capolongo v Giant Carpet*, 292 AD2d 331 [2002]; *Vaynberg v Provident Operating Corp.*, 269 AD2d 442 [2000]; *Feuer v HASC Summer Program*, 247 AD2d 429 [1998]). Accordingly, the Supreme Court erred in granting partial summary judgment in favor of the plaintiff on the basis of the doctrine of res ipsa loquitur. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.