■ LYDIA MELENDEZ, Respondent, v 176 HOPKINS ASSOCIATES, LP, et al., Appellants. [813 NYS2d 775]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated May 18, 2005, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sustained injuries when the stove in her apartment allegedly exploded. She commenced this action against the defendants, who own, operate, or maintain the apartment building, alleging, inter alia, that they were negligent in failing to provide and repair a "proper and adequate" stove. The defendants failed to establish their prima facie entitlement to summary judgment (*see* CPLR 3212; *Algood v 2160-2164 Caton,* 4 AD3d 442 [2004]; *cf. Amona v Orange & Rockland Util., Inc.,* 17 AD3d 386 [2005]; *Fernandez v Safonte,* 270 AD2d 385 [2000]; *Johnson v Johnson Chem. Co.,* 183 AD2d 64, 72 [1992]). The defendants' reliance upon the plaintiff's purported admissions in the ambulance report and hospital records as to the cause of the accident (i.e., her alleged use of the stove to light a cigarette shortly after fumigating the kitchen with an insecticide) was misplaced since the admissions were not in admissible form (*see* CPLR 4518; *Wells v Monsen,* 7 AD3d 518, 519 [2004]; *Medici v Italian Ornamental Iron Works,* 305 AD2d 382 [2003]; *Baez v Sugrue,* 300 AD2d 519, 520 [2002]) and, in any event, were

contradicted by the plaintiff's deposition testimony. Accordingly, the Supreme Court properly determined that issues of fact exist and that the defendants were not entitled to summary judgment. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.