■ LAURENCE V. CUBETA et al., Appellants, v YORK INTERNATIONAL CORPORATION et al., Respondents. [818 NYS2d 136]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Catterson, J.), dated June 7, 2005, which denied their motion for summary judgment on the issue of liability, (2), as limited by their brief, from so much of an order of the same court (Burke, J.), dated June 16, 2005, as denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and against them on the issue of liability as against the weight of the evidence or, in the alternative, for judgment as a matter of law, and (3) from a judgment of the same court (Burke, J.), entered July 12, 2005, which, upon the jury verdict, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeals from the orders are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law and the facts, that branch of the plaintiffs' motion which was to set aside the verdict pursuant to CPLR 4404 (a) as against the weight of the evidence and for a new trial is granted, the complaint is reinstated, the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability, and the order dated June 16, 2005, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to abide the event of the new trial.

The appeals from the orders must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs commenced this action to recover damages for injuries Laurence V. Cubeta (hereinafter Cubeta) sustained when a box fell on him at a warehouse owned by the defendant York International Corporation (hereinafter York). The plaintiffs

moved for summary judgment on the issue of liability under the theory of common-law negligence and the doctrine of res ipsa loquitur, which motion was denied.

At his deposition and at the trial on the issue of liability, Cubeta testified that he was opening the rear doors of his truck at York's warehouse, waiting for a delivery of air conditioning equipment, when a box of said equipment, weighing approximately 66 pounds, slid off another box from a forklift, striking his neck. York's warehouse manager, the defendant Anthony Pascucci, who was bringing the equipment to Cubeta, testified at the trial that he loaded and operated the forklift by himself. Pascucci had loaded the two boxes onto a specialized forklift that lifted the boxes with a blade that slid through a flap at the top of the lower box. He stacked the other box, unsecured, on top of the first box. Pascucci drove the forklift toward Cubeta about 50 or 60 feet and came to a complete stop behind him. Pascucci testified that after waiting in the forklift for about two minutes, the top box suddenly fell off the forklift and struck Cubeta, who was facing away from Pascucci.

Cubeta testified during his deposition and at the trial that after the accident, Pascucci showed him a defect in the forklift's lifting blade which prevented it from properly securing the bottom box. At his deposition and at the trial, Pascucci denied that this conversation occurred or that there was a defect in the lifting blade. However, Joseph Mankowski, York's New York branch manager, testified at his deposition that Pascucci informed him that the accident occurred when the lifting blade "somehow" became "oriented diagonally" and "that the top [box] slid off." This testimony was read into evidence at the trial. Pascucci and Cubeta were the only witnesses to the accident.

Although the plaintiffs contend that the Supreme Court erred in denying their motion for summary judgment on the basis of res ipsa loquitur, that doctrine is a rule of evidence, which merely provides a permissible inference of negligence, rather than a presumption, and its application as a basis for an award of summary judgment as to liability in favor of the plaintiffs in this case is inappropriate (*see Morejon v Rais Constr. Co.,* 7 NY3d 203 [2006]; *Martinez v City of New York,* 292 AD2d 349 [2002]; *Feuer v HASC Summer Program,* 247 AD2d 429, 430 [1998]; *cf. Louison v St. Mary's Hosp. of Brooklyn,* 11 AD3d 518 [2004]; *but cf. Thomas v New York Univ. Med. Ctr.,* 283 AD2d 316, 317 [2001]; *Farina v Pan Am. World Airlines,* 116 AD2d 618, 619 [1986]). Further, as to the common-law negligence claim, there was conflicting deposition testimony as to whether the lifting blade was in need of repair. Accordingly, the Supreme

Court properly denied the plaintiffs' motion for summary judgment on the issue of liability.

Moreover, the plaintiffs' contention that they were entitled to judgment as a matter of law pursuant to CPLR 4404 (a) is without merit. In evaluating the legal sufficiency of a verdict, we must "[determine whether] there is [any] valid line of reasoning and permissible inferences which could lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence . . . at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Here, a rational person could have concluded that there was nothing wrong with the forklift blade, and the jury was not required, as a matter of law, to draw an inference that the accident was caused by the defendants' negligence under the doctrine of res ipsa loquitur.

Based on the record, however, we find that the evidence that the defendant bore some liability in the happening of the accident so preponderated in favor of the plaintiffs that the jury verdict on the issue of liability in favor of the defendants, and against the plaintiffs, could not have been reached upon any fair interpretation of the evidence (*see* CPLR 4404 [a]; *Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Bendersky v M & O Enters. Corp.,* 299 AD2d 434 [2002]; *Nicastro v Park,* 113 AD2d 129 [1985]). Moreover, although the plaintiffs have not established that the doctrine of res ipsa loquitur must be applied as a matter of law with respect to the defendants' liability, the evidence in support of the applicability of that doctrine so preponderated in the plaintiffs' favor that a new trial is required.

The doctrine of res ipsa loquitur, "derive[d] from the understanding that some events ordinarily do not occur in the absence of negligence," is applicable where, "[i]n addition to this first prerequisite, [the] plaintiff . . . establish[es], second, that the injury was caused by an agent or instrumentality within the exclusive control of defendant and, third, that no act or negligence on the plaintiff's part contributed to the happening of the event" (*States v Lourdes Hosp.,* 100 NY2d 208, 211 [2003]). Here, Cubeta established that he was struck by a box that fell off of a forklift loaded and operated solely by the defendant's warehouse manager. In his affidavit and in his trial testimony, the plaintiffs' expert in forklift safety and engineering opined that the accident was of the type that would not have occurred in the absence of the defendants' negligence. Specifically, he testified that the accident would likely have been avoided had the defendants stabilized and safely arranged the boxes on the forks of the lift, limited the elevation of the boxes

in the course of lifting them so as to prevent the obstruction of Pascucci's view, compensated for the diagonal orientation of the forks or replaced the forks, and if Pascucci had not driven the forklift directly up to Cubeta's location. Moreover, Cubeta was opening the doors to his truck, and his back was turned to the forklift when one of the boxes suddenly fell on him. Although it cannot be said, as a matter of law, that Cubeta was free from comparative negligence, by any fair interpretation, the evidence supporting the plaintiffs' satisfaction of the three prongs of the res ipsa loquitur doctrine, and the concomitant applicability of that doctrine to the defendants' conduct, so preponderated in favor of the plaintiffs that the verdict in favor of the defendants must be set aside as against the weight of the evidence, and a new trial granted (*see Durso v Wal-Mart Stores,* 270 AD2d 877 [2000]; *cf. Manning v Curtice-Burns, Inc.,* 12 AD3d 1091, 1091-1092 [2004]). Accordingly, we reverse the judgment, reinstate the complaint, and remit the matter to the Supreme Court, Suffolk County, for a new trial on the issue of liability.

We note that the trial court properly exercised its discretion in admitting photographs of the forklift. A competent witness with knowledge of the matter may identify the subject of a photograph and confirm that it "accurately represent[s] the subject matter depicted" (*People v Byrnes,* 33 NY2d 343, 347 [1974]). The jury was free to determine whether the photographs actually depicted the forklift and blade when the accident occurred (*see Taylor v New York City Tr. Auth.,* 48 NY2d 903, 904 [1979]). Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.