OPINION OF THE COURT
C. Stephen Hackeling, J.
It is the above captioned plaintiff’s sworn contention that he withdrew $4,000 cash from his T.D. Bank account on August 28, 2014 (exhibit 1) and proceeded to dinner at Prime restaurant. He left 36 one hundred dollar bills in the center console of his car and gave exclusive custody and control of his vehicle to employees of defendant restaurant valet service, Advanced Parking Services. The plaintiff retrieved his vehicle one hour and 40 minutes later, only to discover that $3,600 cash was missing. The plaintiff brings this small claims action seeking to recover said sum asserting causes of action sounding in conversion, breach of contract and negligence.
The defendants produced no witnesses or evidence and premised their defense upon the assertion that New York law does not impose common-law liability under a bailment theory for lost personal property which is not disclosed. The defendants are correct in this assertion. (See Motors Ins. Corp. v American Garages, 98 Misc 2d 887 [App Term, 1st Dept 1979]; Swarth v Barney’s Clothes, 40 Misc 2d 423 [App Term, 1st Dept 1963]; Jacobson v Parking Sys. Inc., 13 Misc 3d 1213[A], 2006 NY Slip Op 51817[U] [Nassau Dist Ct 2006].) However, the non-availability of a breach of a bailment agreement does not preclude the plaintiff’s assertion of assorted negligence theories.
The defendants do not controvert the plaintiff’s testimony but simply aver that they have no knowledge concerning the matter. Under normal circumstances, the failure of the plaintiff to introduce direct eyewitness testimony, an admission of liability or compelling circumstantial evidence would prohibit him from making a prima facie showing of defendant’s negligence. However, in this instance, the happening of the loss permits, but does not compel, the court to draw an inference that the defendants were negligent. The doctrine of res ipsa loquitur is a form of circumstantial evidence providing a permissive inference of negligence. In the absence of rebuttal by the defendants (as here), the application of the doctrine may serve as a basis for an award of judgment to the plaintiff, where “plaintiff’s circumstantial proof is so convincing and the defendant’s response so weak that the inference of defendant’s *970 negligence is inescapable.” (Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006].)
To invoke the doctrine of res ipsa loquitur, it must be shown that the instrumentality which caused the accident was in the exclusive control of the defendant.* The event must be of a kind which ordinarily does not occur in the absence of someone’s negligence and the event must not have been due to any voluntary action or contribution on the part of the plaintiff. In such an instance, the factfinder is permitted to draw an inference of negligence against the party controlling the instrumentality. (See generally Martinez v City of New York, 292 AD2d 349 [2d Dept 2002].)
Plaintiffs sworn testimony and exhibits exclude the possibility that the plaintiff himself caused or contributed to the loss. As such, res ipsa loquitur treatment is appropriate, allowing the court to draw an inference of negligence on the defendants’ part. The court adopts the unrebutted testimony of the plaintiff (an attorney officer of the court) that the $3,600 was in the car when it was surrendered to the defendants.
Absent any evidence by the defendants rebutting the inference of its negligence, the court finds by a preponderance of the evidence that the defendants negligently allowed for a situation resulting in a conversion of his personal property and awards judgment for the plaintiff in the sum of $3,600 plus interest from the complaint date and costs.

 “The requirement of exclusive control is not rigid. It implies control by the defendant of such kind that the probability that the accident was caused by someone else is so remote that it is fair to permit an inference that the defendant was negligent.” (PJI 2:65 [Res Ipsa Loquitur].)