Pugh v City of New York (2018 NY Slip Op 03320)





Pugh v City of New York


2018 NY Slip Op 03320


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


117926/09 6481 6480

[*1]Viola Pugh, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent, Shavon Keith, Defendant-Appellant.


Miller Eisenman & Kanuck, LLP, New York (Michael P. Eisenman of counsel), for Viola Pugh, appellant.
Maura Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for Shavon Keith, appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered June 29, 2017, upon a jury verdict, which, insofar as appealed from, found in favor of defendant The City of New York and dismissed the action as against it, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 19, 2016, which denied plaintiff's and defendant-appellant's motions to set aside the jury's liability verdict as against the weight of the evidence, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff passenger, who was seated in defendant driver Shavon Keith's double-parked car, on a one-way, single traffic-lane street in Manhattan, was injured when a New York City fire truck, en route to an emergency call, attempted to maneuver around Keith's vehicle, but scraped its left rear panel. Keith was admittedly in a nearby laundromat collecting her laundry. From the vantage point of the operator of the fire truck, the driver's seat of Keith's car appeared unoccupied, and the double-parked car remained stationary despite the fire truck's activation of its siren, emergency lights, and horn. The fire truck operator evaluated the situation before attempting to move the truck around the double-parked car, and he was successful in getting 75% of the fire truck safely past the back end of Keith's car before there was contact.
On these facts, the trial court appropriately ruled that plaintiff and defendant Keith were not entitled to a directed verdict on the issue of the fire truck operator's negligence, inasmuch as the typical rear-end collision cases had no application here (see generally Bajrami v Twinkle Cab Corp., 147 AD3d 649 [1st Dept 2017]); rather, the ordinary negligence standard governed, grounded in the reasonableness of the fire truck operator's actions in light of the circumstances presented (see generally Andre v Pomeroy, 35 NY2d 361 [1974]; S & S Mach. Corp. v Manufacturers Hanover Trust Co., 219 AD2d 249 [1st Dept 1996]; La Rose v Amazon Assoc., 139 AD2d 568 [2d Dept 1988]; see also Vehicle and Traffic Law §§ 1144 [a]; 1202 [a][1][a]). The trial court correctly denied the motion and cross motion by plaintiff and defendant Keith, [*2]respectively, to set aside the verdict as against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK