■ PONTOS RENOVATION, INC., et al., Appellants, v KITANO ARMS CORPORATION et al., Respondents. [640 NYS2d 525] —Orders, Supreme Court, New York County (Emily Goodman, J.), entered February 21, 1995, which granted defendants' motions to dismiss the second amended complaint for failure to state a cause of action, and denied plaintiffs' cross motion for leave to replead, unanimously affirmed, without costs.

The IAS Court properly dismissed the cause of action seeking damages for intentional infliction of emotional distress upon plaintiff Apostolides. The conduct complained of, the purported understatement by defendants of the value of a contract between defendant Kitano and subcontractor Magna General Construction Corp. which allegedly led plaintiffs to abandon that subcontract, is not so outrageous in character and extreme in degree as to give rise to a claim for intentional infliction of emotional distress (see, Howell v New York Post Co., 81 NY2d 115, 121).

The cause of action for defamation as against the construction manager, defendant Misthopoulos, was also properly dismissed. The complained of statement, when viewed in context, made at a meeting attended by employees, co-workers and superiors of defendant Misthopoulos, that plaintiffs are "terrible", "incompetent", "caused [defendants] a lot of problems", and that defendants "shall not be unhappy to see

them go", is nonactionable as it is a statement of "pure opinion". It did not imply any undisclosed detrimental facts which would be unknown to those at the meeting who were involved in the construction project (*see, Steinhilber v Alphonse*, 68 NY2d 283, 289).

The cause of action by plaintiff Pontos for tortious interference with contract was also properly dismissed. Plaintiff failed to plead the requisite element of such a cause of action, that defendants had intentionally induced subcontractor Magna to breach its subcontract with plaintiff Pontos (*see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94).

Plaintiffs also failed to plead a viable cause of action for fraud. Their conclusory allegations of fraud and deception with respect to the subcontract, alleging that the $1.1 million allocation in the primary contract between defendant Kitano, as owner, and subcontractor Magna, was part of some unspecified kickback scheme, do not meet the specificity requirements of CPLR 3016 (b) (*see, Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778).

Nor did the IAS Court improvidently exercise its discretion in denying plaintiffs a third opportunity to replead. We have reviewed plaintiffs' remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Williams, and Mazzarelli, JJ.