■ DG & A Management Services, LLC, Appellant, v Securities Industry Association Compliance and Legal Division et al., Respondents. [859 NYS2d 305]—

Carpinello, J. Appeal from an order of the Supreme Court (McNamara, J.), entered July 17, 2007 in Albany County, which partially granted defendant's motions to dismiss the complaint.

Since 1989, pursuant to a series of one or two-year written contracts, plaintiff provided management and associated services for defendant Securities Industry Association Compliance and Legal Division (hereinafter the Division). The last such contract expired on December 31, 2004. Although these parties endeavored to negotiate the terms of a new contract, a new contract was never executed. During these negotiations, plaintiff continued to provide services for the Division for which it received compensation. In early December 2005, however, plaintiff was notified that another service provider, defendant Intermedia Production Group, Ltd., would be replacing it.

In the meantime, plaintiff and the Division, in keeping with past practice, had entered into a single purpose agreement, referred to as "Exhibitor/Sponsor Project" agreement, covering the Division's spring seminar. Under this separate agreement, which was executed in early October 2005, plaintiff was to organize and manage the Division's March 2006 seminar. When plaintiff was notified in early December 2005 that the Division would no longer be utilizing its services, such notification

included termination of those services outlined in the October 2005 agreement.

This action against the Division, Intermedia and a Division board member, defendant Sheldon Goldfarb, ensued. At issue is an order of Supreme Court dismissing, pursuant to CPLR 3211, four of the eight causes of action against the Division, one of the two causes of action against Intermedia and the sole cause of action against Goldfarb. Finding little to add to Supreme Court's thorough and well-supported decision, we affirm.

Plaintiff first argues that Supreme Court erred in dismissing its first cause of action against the Division alleging an implied-in-fact contract. Even construing the complaint in the liberal light to which it is entitled on a motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), we are unpersuaded. As noted by this Court, "with respect to implied-in-fact contracts, '[b]ased on the facts and circumstances surrounding the dispute as manifested in the acts and conduct of the parties, there must be an indication of a meeting of minds of the parties constituting an agreement' " (*Berlinger v Lisi*, 288 AD2d 523, 524 [2001]; *see Anesthesia Group of Albany v State of New York*, 309 AD2d 1130, 1131 [2003]). Notably, "[a] contract may not be implied in fact from the conduct of the parties where it appears that they intended to be bound only by a formal written agreement" (*Valentino v Davis*, 270 AD2d 635, 638 [2000]). In this case, documentary evidence in the record unequivocally demonstrates that plaintiff and the Division never reached a meeting of minds constituting an agreement and, more importantly, if they had, it would have been memorialized by a written agreement. Accordingly, the first cause of action alleging an implied-in-fact contract was properly dismissed pursuant to CPLR 3211 (a) (1) and (7) (*see Jordan Panel Sys. Corp. v Turner Constr. Co.*, 45 AD3d 165 [2007]).*

We likewise agree with Supreme Court's finding that plaintiff failed to state a cause of action against Goldfarb for slander per se. The offending statement, made during an executive committee meeting, was merely reflective of Goldfarb's unfavorable opinion of plaintiff's work performance in providing management services for the Division such that it did not constitute slander per se (*see e.g. Zysk v Fidelity Tit. Ins. Co. of N.Y.*, 14 AD3d 609, 610 [2005]; *Dillon v City of New York*, 261 AD2d 34, 39-40 [1999]; *Pontos Renovation v Kitano Arms Corp.*, 226 AD2d 191 [1996]; *Ott v Automatic Connector*, 193 AD2d 657, 658

---

* Finding, as we do, that this first cause of action was properly dismissed, plaintiff's arguments concerning the other related and dismissed causes of action against the Division and Intermedia are academic.

[1993]; *see also Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]).

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with one bill of costs.