Rockwell Capital Partners, Inc. v HempAmericana, Inc. (2019 NY Slip Op 05217)





Rockwell Capital Partners, Inc. v HempAmericana, Inc.


2019 NY Slip Op 05217


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9770 160529/17

[*1]Rockwell Capital Partners, Inc., et al., Plaintiffs-Appellants,
v
HempAmericana, Inc., Defendant-Respondent, Derwin A. Wallace, et al., Defendants.


White and Williams LLP, New York (Nicole A. Sullivan of counsel), for appellants.
Suares Law, Brooklyn (Donnell Suares of counsel), for respondent.



Order, Supreme Court, New York County (Robert David Kalish, J.), entered January 9, 2019, which, insofar as appealed from as limited by the briefs, granted defendant HempAmericana, Inc.'s CPLR 3211(a)(7) motion to dismiss plaintiffs' defamation claims, unanimously affirmed, without costs.
This defamation action arises out of statements made about plaintiffs Rockwell Capital Partners, Inc. and Northbridge Financial, Inc. (Northbridge) by the Chief Executive Officer of defendant HempAmericana, Inc. (HempAmericana), nonparty Salvador Rosillo, in an interview published in CannaInvestor Magazine (the Magazine). Plaintiffs specifically object to Rosillo's characterization of the subject deal as "toxic"; implication that plaintiffs were the only reason for HempAmericana's financial troubles and low stock prices; and allegedly inaccurate reference to Northbridge as being included in the deal.
The court properly granted the motion to dismiss the defamation claims. Rosillo's characterization of the deal as "toxic" constitutes a non-actionable statement of opinion. This language is "[l]oose, figurative or hyperbolic" and lacks a precise meaning (Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]; see generally Brian v Richardson, 87 NY2d 46, 51 [1995]; Pontos Renovation v Kitano Arms Corp., 226 AD2d 191, 191-192 [1st Dept 1996]; Intellect Art Multimedia, Inc. v Milewski, 24 Misc 3d 1248(A), *4-5 [Sup Ct, NY County 2009]). Moreover, given its publication in an industry investor magazine, it is best interpreted as an attempt by HempAmericana's CEO to explain his company's past poor performance and encourage future investment (see Brian, 87 NY2d at 51-54; Steinhilber v Alphonse, 68 NY2d 283, 294-295 [1986]; Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32, 41-45 [1st Dept 2011]).
Contrary to plaintiffs' claim, there is no implication that the "toxic deal" statement was based on undisclosed facts, so as to bring it within the realm of mixed opinion (see generally Steinhilber, 68 NY2d at 289-290). Rather, Rosillo made clear that this characterization was based on the drop in share prices resulting from the deal - a fact plaintiffs do not dispute.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK