## Kookmin Best Ins. Co., Ltd. v Curtis Roberts Real Estate LLC

2024 NY Slip Op 34281(U)

December 3, 2024

Supreme Court, New York County

Docket Number: Index No. 160103/2019

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. SABRINA KRAUS** | PART **57M** |
| *Justice* | |

-------------------------------------------------------------------X

KOOKMIN BEST INSURANCE CO., LTD. A/S/O CEDRA
HEALTHCARE LLC,

          Plaintiff,

- v -

CURTIS ROBERTS REAL ESTATE LLC, WYNNE
PLUMBING AND HEATING CORP.,

          Defendant.

---------------------------------------------------------------------X

WYNNE PLUMBING AND HEATING CORP.,

          Third-Party Plaintiff,

- v -

MARTIN PLUMBING & HEATING, INC.,

          Third Party-Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160103/2019 |
| MOTION DATE | 07/09/2024, 08/06/2024, 08/06/2024 |
| MOTION SEQ. NO. | 003 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147

were read on this motion to/for     SUMMARY JUDGMENT(AFTER JOINDER)   .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 154, 155, 156, 157, 158, 159, 160, 161

were read on this motion to/for         JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 113, 114, 115, 116, 117, 118, 119, 120, 149, 150, 152, 153, 162, 163

were read on this motion to/for         JUDGMENT - SUMMARY        .

## BACKGROUND

Plaintiff commenced this subrogation/negligence action claiming property damage and business interruption seeking damages in the amount of $272,372.58, caused by a sprinkler leak that originated on the vacant fourth floor of 724 Elton Avenue, Bronx, New York (the

160103/2019   KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC          Page 1 of 11
Motion No.  003 004 005

1 of 11

[* 1]

"Building") on January 9, 2018. Plaintiff's insured, Cedra Healthcare LLC ("Cedra"), is a tenant of the first floor of the Building. Curtis Roberts Real Estate LLC ("Curtis") is the owner of the Building. Defendant/third-party plaintiff Wynne Plumbing and Heating Corp. ("Wynne") is alleged to have made repairs after the flood and to have inspected the sprinkler system periodically prior to the incident.

By decision and order dated June 2, 2022, the Court granted Curtis's summary judgment motion to the extent of dismissing the subrogation claim against it, but denied the relief as to the cause of action for the $1000.00 deductible, holding that Curtis "failed to establish entitlement to summary judgment on the issue of negligence and that plaintiff has raised triable issues of fact in regards to same."

By decision and order dated May 9, 2023, the Court denied Curtis's summary judgment motion to dismiss all cross claims against it as premature, without prejudice to renewal upon the completion of discovery.

## PENDING MOTIONS

On June 12, 2024, third-party defendant Martin Plumbing & Heating, Inc. ("Martin") moved for an order pursuant to CPLR § 3212 granting it summary judgment dismissing all claims against it (mot. seq. 3).

On June 5, 2024, Curtis moved for an order pursuant to CPLR § 3212 granting it summary judgment, dismissing all crossclaims against it, marking plaintiff's final cause of action (1k deductible) against it settled and dismissing the claim as waived, and amending the caption deleting it as a primary defendant and converting any remaining crossclaims against it into third-party claims. (mot. seq. 4).

160103/2019   KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC          Page 2 of 11
Motion No. 003 004 005

2 of 11

On June 11, 2024, Wynne moved for an order pursuant to CPLR § 3212, granting it summary judgment dismissing plaintiff's complaint, and all crossclaims and counterclaims asserted against it, and granting it summary judgment on its claims for common law indemnity and/or contribution against Curtis. (mot. seq. 5).

The motions are consolidated herein and determined as set forth below.

## ALLEGED FACTS

### *Relevant Deposition Testimony*

Curtis Roberts ("CR"), president of Curtis, testified that when Curtis acquired the premises, it had a dry sprinkler system, which is pressurized by air as opposed to water. The Building had four floors, one stairwell. CR personally handled porter, management, and maintenance responsibilities for the building. Cedra became Curtis's first floor tenant in 2015 and hired a contractor perform a full gut renovation of the first floor for its pharmacy, including work on the sprinkler system. CR said that Wynne would come in and inspect the sprinkler monthly, which he believed was required by the City, to make sure it was operating properly, but that there was no maintenance contract with Wynne. CR testified that he was typically at the building several times a week, and would inspect the pressure gauges for the sprinkler system whenever he was in the building.

At the time of the incident, which occurred January 9, 2018, all floors of the building besides the first floor were vacant and unheated. CR was first informed of a leak when one of his workers on the third floor of the building told him that he heard water coming down from the fourth floor. CR arrived at the building 10-15 minutes later and saw water coming out of a sprinkler pipe located approximately eight feet from the exterior wall near the ceiling. He then ran to the basement and within 30 seconds closed the shut-off valve to the sprinkler system. The

160103/2019  KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC          Page 3 of 11
Motion No.  003 004 005

3 of 11

[* 3]

following day, CR observed that a threaded T connection had snapped off the sprinkler pipe. He believed that Wynne came to fix the pipe within a week of the incident.

Bryan Kaplan, president of Wynne, testified that Wynee had performed plumbing work for Curtis on an "as needed" basis on multiple properties since 2003. It first performed work at the Building in 2015, including work on the sprinkler system. Kaplan also confirmed that Wynne performed an "annual sprinkler inspection" in September 2017, but claimed that Wynne performed no other work at the building prior to the incident. Kaplan testified that Wynne did not conduct regular inspections of the building, although it does perform that work at other locations and would have done so if asked. While Kaplan acknowledged that Wynne generated an invoice for work performed in July 2017, including an "annual sprinkler inspection," he claimed that this was a "dummy invoice" created at CR's request for insurance purposes, and that no work was actually performed on that date. Kaplan said that he became aware of the leak when CR called his office to inform him that they had a frozen pipe and that the sprinkler system leaked. Kaplan sent a mechanic to repair and reset the system. He said he replaced the threaded T with another, and that he believed someone threw the broken one away but did not know who did so, though it would be his employees' typical practice to do so. He did not know of any photo or video taken of the broken part.

## DISCUSSION

### *Summary Judgment Standard*

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible

160103/2019   KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC   Page 4 of 11
Motion No.  003 004 005

4 of 11

form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

### *Plaintiff's Claim for the $1000 Deductible*

Curtis contends that as plaintiff's only remaining claim against it after the Court's prior decision is for the $1000 deductible, and as it has offered to pay plaintiff that amount in full in exchange for a release but was refused, the claim should be deemed waived and dismissed.

In opposition, plaintiff argues that it has no obligation to accept Curtis's offer, and has not waived its claim, contending that nothing in the Court's prior order prohibits plaintiff from seeking a final judgment in this matter regarding liability, negligence and damages, and that it may still appeal the Court's decision after a final judgment has been rendered.

The Court rejects Curtis' position, unsupported by any authority, that plaintiff has waived its claim by refusing Curtis' settlement offer. Absent any other basis for dismissal of plaintiff's sole remaining claim against Curtis, for which the court previously found there remain triable issues of fact, the portion of Curtis's motion seeking dismissal of plaintiff's remaining claim for the $1000 deductible is denied.

### *Plaintiff's Claims against Wynne*

Wynne contends it was not negligent, arguing that it owed no duty to Cedra as it was not in not in privity with it and did not launch a force or instrument of harm. It contends that its maintenance activities were as needed and not routine or preventative, and thus it did not

160103/2019  KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC       Page 5 of 11
Motion No. 003 004 005

5 of 11

displace Roberts's responsibility to inspect and maintain the premises. It argues that *res ipsa loquitur* is inapplicable, as it did not have exclusive control of the sprinkler system

In opposition, plaintiff contends that Cedra was an intended third-party beneficiary of Wynne's alleged implied contract with Curtis, and thus Wynne owed Cedra a duty to properly service, maintain and repair of the sprinkler system. It argues there remains an issue of fact as to whether Wynne conducted regular inspections of the sprinkler system. It annexes the expert affidavit of professional engineer Robert Fuchs, who opines that the "reported failure of the sprinkler pipe is consistent with deferred maintenance of the sprinkler system due to negligence" and did not stem "from any one-time unforeseen event on the date of loss." It also argues that there is at minimum a question of fact as to whether the doctrine of *res ipsa loquitur* applies to plaintiff's claim.

In reply, Wynne contests the existence of an implied contract, arguing that the conflicting testimony as to Wynne's alleged maintenance obligations shows that there was no meeting of the minds. It argues that Wynne's work on the sprinkler was too attenuated to find it liable.

Contractual obligations are insufficient to impose tort liability on non-contracting third parties, unless: (1) the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm; (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties; or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely. *See Espinal v Melville Snow Contrs., Inc.*, 98 NY2d 136, 140 (2002).

Here, plaintiff is only asserting that the second *Espinal* exception applies. In *All American Moving and Storage, Inc. v Andrews*, the First Department found that a failure of the defendant to properly inspect a sprinkler system, which it was required to do pursuant to its

160103/2019  KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC    Page 6 of 11
Motion No. 003 004 005

6 of 11

[* 6]

contract with the original tenant, was sufficient to raise a triable issue of fact as to whether the owner and subtenant detrimentally relied on the defendant's continued performance of its contractual duties. 96 AD3d 674 (1st Dept 2012).

Here, the facts are similar to *All American* except that it is undisputed that no written sprinkler maintenance contract existed. However, plaintiff contends that an implied-in-fact contract existed between Curtis and Wynne.

"[W]ith respect to implied-in-fact contracts, [b]ased on the facts and circumstances surrounding the dispute as manifested in the acts and conduct of the parties, there must be an indication of a meeting of minds of the parties constituting an agreement." *DG & A Mgmnt Serv., LLC v Securities Industry Ass'n Compliance and Legal Division*, 52 AD3d 922 (3d Dept 2008), quoting *Berlinger v Lisi*, 288 AD2d 523, 524 (3d Dept 2001; *see I.G. Second Generation Partners, L.P. v Duane Reade*, 17 AD3d 206 (1st Dept 2005).

Here, the testimony of Kaplan and Roberts is directly contradictory as to whether Wynne performed monthly inspections of the sprinkler system pursuant to an agreement with Curtis. While Wynne argues that the absence of invoices for monthly inspections supports Kaplan's version, Kaplan testified that he created a fake invoice at Curtis's request, raising questions as to their accuracy. Thus, there remain triable issues of fact as to whether an implied-in fact contract existed between Wynne and Curtis, and whether Wynne owed a duty to Cedra pursuant to such contract, and Wynne's motion to dismiss plaintiff's claims against it is denied.

### *Res Ipsa Loquitur*

"*[R]es ipsa loquitur* is a rule of evidence that creates a permissible inference of negligence, not a rebuttable presumption." *Shinshine Corp. V Kinney System, Inc.*, 173 AD2d 293 (1st Dept 1991). In order to prevail on a *res ipsa* theory, a plaintiff must establish: (1) the

160103/2019   KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC          Page 7 of 11
Motion No. 003 004 005

7 of 11

[*7]

event is of a type that does not occur in the absence of negligence; (2) it must have been caused by an agency or instrumentality within the exclusive control of the defendants; and (3) it must not have been due to any voluntary action or contribution on the part of plaintiff. *Tora v GVP AG*, 31 AD3d 341 (1st Dept 2006). The only instance when summary judgment must be granted to a plaintiff on a *res ipsa* theory is "when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable." *Morejon v Rais Constr. Co.*, 7 NY3d 203 (2006).

Here, it is uncontroverted that Roberts had access to and would inspect the sprinklers when he would visit the building. Thus, even if Wynne had an obligation to inspect the sprinkler, it did not have exclusive control over it. Thus, the doctrine of *res ipsa loquitur* is inapplicable.

### *Wynne's Crossclaims against Curtis*

Wynne seeks summary judgment on its crossclaims against Curtis for negligence, common-law indemnity and contribution, contending that the weight of evidence shows that it was not negligent, and Curtis was negligent.

Curtis opposes and seeks summary judgment dismissing those claims, arguing that Wynne and Curtis are not joint tortfeasors, and the claims against Wynne are based on their active negligence.

Here, as stated *supra* there remain questions of fact as to both Wynne and Curtis's negligence. Thus, both parties' motions are denied with respect to Wynne's crossclaims.

### *Third Party Claims against Martin*

Martin seeks dismissal of Wynne's third-party complaint against it, contending that it had no contract with any of the parties in the action and performed no work on the pipe at issue. They

**160103/2019 KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC**
**Motion No. 003 004 005**

**Page 8 of 11**

8 of 11

[* 8]

also claim Wynne's alleged spoilation of the ruptured pipe is grounds for dismissal of the third-party complaint.

As Wynne only opposes dismissal of the portion of Martin's motion relating to spoilation sanctions, discussed further *infra*, Wynne's failure to oppose the remainder of Martin's motion seeking dismissal of the third-party complaint is deemed to be abandonment of those claims. *See Sancino v Metropolitan Transportation Auth.*, 184 AD3d 534 (1st Dept 2020); *Bonventre v Soho Mews Condominium*, 173 AD3d 411 (1st Dept 2019); *Ng v NYU Langone Medical Center*, 157 AD3d 549 (1st Dept 2018); *Saidin v Negron*, 136 AD3d 458 (1st Dept 2016); *Jospehson LLC v Column Financial, Inc.*, 94 AD3d 479 (1st Dept 2012). Thus, the third-party complaint is dismissed.

### Plaintiff's request for Spoliation Sanctions against Wynne

In its opposition papers to Wynne's motion, plaintiff argues that Wynne should be sanctioned for spoliation of evidence, citing its deposition testimony that it likely discarded the frozen sprinkler pipe without taking photos or videos of it.

In its reply papers, Wynne argues that there was no bad faith, as it did not anticipate litigation when it disposed of the items, and that the absence of the evidence negatively impacts Wynne as much, if not more so, than plaintiff.

"The party requesting sanctions for [spoliation] has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised its ability to defend [the] action.'" *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717 (2d Dept 2009); *quoting Lawson v. Aspen Ford, Inc.*, 15 AD3d 628, 629 (2d Dept 2005). "The nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the

160103/2019  KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC    Page 9 of 11
Motion No.  003 004 005

9 of 11

evidence, and the degree of prejudice to the opposing party." *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 (2d Dept 2013). "'Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" *Jennings v Orange Regional Med. Ctr.*, 102 AD3d at 655-656 (2d Dept 2013) quoting *Iannucci v Rose*, 8 AD3d 437, 438 (2d Dept 2004). "[A] less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case." *Pennachio v Costco Wholesale Corp*, 119 AD3d 662 (2d Dept 2014) citing *Denoyelles v Gallagher*, 40 AD3d 1027 (2d Dept 2007).

Here, while Kaplan did not know for certain whether a Wynne employee discarded the broken pipe, he testified that it was likely and was what they would typically do. There is no question that the pipe is highly relevant evidence, as it is the "very instrumentality giving rise to plaintiff's injuries." *Cummings v Central Tractor Farm & Country*, 281 AD2d 792 (3d Dept 2001). However, Kaplan's testimony also indicates that the pipe was discarded prior to any litigation being commenced or contemplated. "[I]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices." *Aponte v Clove Lakes Health Care and Rehabilitation Center, Inc.*, 153 AD3d 593, 594 (2d Dept 2017), quoting *Bill's Feed Serv., LLC v Adams*, 132 AD3d 1400, 1401 (4th Dept 2015). Thus, spoliation sanctions are not appropriate here.

## CONCLUSION

Accordingly, it is hereby:

ORDERED that Martin Plumbing & Heating, Inc.'s motion to dismiss the third-party complaint (mot. seq. 3) is granted and the third-party action is dismissed; and it is further

160103/2019  KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC
Motion No. 003 004 005

Page 10 of 11

10 of 11



[* 10]

ORDERED that Curtis Roberts Real Estate LLC's motion for summary judgment (mot. seq. 4) is denied; and it is further

ORDERED that Wynne Plumbing and Heating Corp.'s motion for summary judgment (mot. seq. 5) is denied; and it is further

ORDERED that, within 20 days from entry of this order, plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that this constitutes the decision and order of this Court.

| __12/3/2024__ | | | | |
|---|---|---|---|---|
| **DATE** | | | SABRINA KRAUS, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

160103/2019   KOOKMIN BEST INSURANCE CO., vs. CURTIS ROBERTS REAL ESTATE LLC        Page 11 of 11
Motion No.   003 004 005

11 of 11