■ Rie Tora, Respondent, v GVP AG et al., Defendants, and TST/TMW 405 Lexington, L.P., et al., Appellants. [819 NYS2d 730]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered August 30, 2005, which, insofar as appealed from, granted plaintiff's cross motion for partial summary judgment as to liability for common-law negligence based on the doctrine of res ipsa loquitur (res ipsa) as against defendants-appellants, unanimously reversed, on the law, without costs, and the cross motion denied.

Although plaintiff has no recollection of the incident, eyewitnesses to the accident and an accident report indicate that a piece of a sidewalk shed at the Duane Reade drugstore, located at street level on the corner of 42nd Street and Lexington Avenue, toppled as a result of strong winds and struck plaintiff and other pedestrians.

The granting of summary judgment on the theory of res ipsa is warranted when the plaintiff can establish the following elements: (1) the event is of a type that does not occur in the absence of negligence; (2) it must have been caused by an agency or instrumentality within the exclusive control of the defendants; and (3) it must not have been due to any voluntary action or contribution on the part of plaintiff (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Mejia v New York City Tr. Auth.*, 291 AD2d 225, 227 [2002]).

The motion court erred in granting plaintiff's cross motion for partial summary judgment on the basis of the doctrine of res ipsa. " 'It is the rare case in which a plaintiff will be entitled to . . . [summary judgment] because the prima facie proof is so convincing that the inference [of negligence] arising therefrom is inescapable if not rebutted by other evidence' " (*Shinshine Corp. v Kinney Sys.*, 173 AD2d 293, 294 [1991], quoting *Weeden v Armor El. Co.*, 97 AD2d 197, 204 [1983]). Res ipsa, a form of circumstantial evidence, creates a permissible inference of negligence that may be accepted or rejected by the triers of fact (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]; *Banca Di Roma v Mutual of Am. Life Ins. Co., Inc.*, 17 AD3d 119, 120 [2005]). As recently clarified by the Court of Appeals, the only instance when summary judgment must be granted to a plaintiff on a res ipsa theory is "when the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). This is not such a case.

Defendants' contention that unusually strong gusts of wind caused the shed to lift and injure plaintiff is sufficient to negate, at least for purposes of summary judgment, the first element of res ipsa, i.e., that the event was of a kind which ordinarily does not occur in the absence of negligence (*see Azoltovic v Fuller Co.*, 42 AD2d 543 [1973]). As plaintiff failed to create an inescapable inference that the defendants were negligent, the application of the doctrine as a basis for granting summary judgment was inappropriate (*Shinshine*, 173 AD2d at 294; *see also Davis v Federated Dept. Stores*, 227 AD2d 514 [1996]). Concur— Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.