Romero v Xcellent Car Wash & Express Lube (2019 NY Slip Op 02978)





Romero v Xcellent Car Wash & Express Lube


2019 NY Slip Op 02978


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9041 27482/16

[*1]Francisco Romero, et. al., Plaintiffs-Appellants,
v
Xcellent Car Wash & Express Lube, et al., Defendants-Respondents.


Seskin & Seskin, New York (Scott H. Seskin of counsel), for appellants.
Cascone & Kluepfel, LLP, Garden City (James K. O'Sullivan of counsel), for respondents.



Order, Supreme Court, Bronx County (Donna Mills, J.), entered June 21, 2018, which, upon renewal, denied plaintiffs' motion for partial summary judgment as to liability, unanimously affirmed, without costs.
Plaintiffs seek to recover damages for injuries that plaintiff Francisco Romero allegedly sustained when his foot fell into an uncovered drain on defendants' premises. In January 2018, the Supreme Court denied plaintiffs' motion for partial summary judgment on liability under the theory of res ipsa loquitur, finding that plaintiffs had failed to meet their prima facie burden. In April 2018, plaintiffs moved for leave to renew the motion, arguing that the Court of Appeals decision in Rodriguez v City of New York (31 NY3d 312 [2018]), effected a change in the law that would necessarily change the motion court's denial of partial summary judgment on liability (see CPLR 2221[e][2]). Supreme Court granted leave to renew, and upon renewal, adhered to its prior determination because triable issues of fact remained.
Supreme Court properly denied plaintiffs' motion. Summary judgment on the theory of res ipsa loquitur is appropriate only in "exceptional cases" and not where there are issues of fact with respect to defendants' liability (see Morejon v Rais Constr. Co., 7 NY3d 203, 209, 212 [2006]; Jainsinghani v One Vanderbilt Owner, LLC, 162 AD3d 603, 604 [1st Dept 2018]). On this record, plaintiffs have not established that no issues of fact exist as to whether the accident was due "to any voluntary action or contribution on the part of the plaintiff" (James v Wormuth, 21 NY3d 540, 546 [2013]). The evidence submitted showed that the accident occurred in an area unauthorized for customer entry. There were several "do not enter" signs placed outside the car wash service area. In addition, defendants' employees denied that they had permitted plaintiff to enter the restricted area. Lastly, although plaintiffs are correct that a plaintiff does not bear the burden of demonstrating the absence of his own comparative fault, plaintiffs failed to show, as per res ipsa loquitur, that no reasonable question exists as to defendants' negligence (see Rodriguez, 31 NY3d at 323-324; Tora v GVP AG, 31 AD3d 341 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK