Rivera v F&S Contr., LLC (2024 NY Slip Op 05297)

Rivera v F&S Contr., LLC

2024 NY Slip Op 05297

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 157618/19 Appeal No. 2903 Case No. 2024-02610 

[*1]Carmen Rivera, Plaintiff-Appellant,
v
F&S Contracting, LLC, et al., Defendants-Respondents.

Eppinger, Reingold & Korder, Larchmont (Mitchell L. Korder of counsel), for appellant.
Fleischner Potash LLP, New York (Alisa Dultz of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered March 14, 2024, which denied plaintiff's motion for summary judgment against defendants as to the issue of liability based on the doctrine of res ipsa loquitur, unanimously affirmed, without costs.
Plaintiff was injured while walking on Pearl Street in lower Manhattan when fencing installed by defendant F & S Contracting fell on her. The fencing was composed of a base of plastic Yodock barriers, which are designed to be stabilized when filled with water and attached to one another, and a top composed of chain link fence held up by poles inserted into the Yodock barriers. Fabric was attached to the chain link fencing with plastic ties. Surveillance videos appear to show a portion of the fence tipping over onto plaintiff due to wind acting on the fabric like a sail. Plaintiff argues that the motion court erred in not granting her motion for summary judgment on the basis of res ispa loquitor. However, the facts here do not present a situation in which "the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]; see also Maroonick v Rae Realty, LLC, 205 AD3d 423, 423 [1st Dept 2022]; Tora v GVP AG, 31 AD3d 341, 342 [1st Dept 2006]). The affidavit of defendants' meteorologist stating that unexpected and powerful wind gusts at the time and place of the accident were strong enough to topple an object as heavy as the subject fence is sufficient to negate, at least for purposes of summary judgment, the first element of res ipsa loquitur (see id.). Since the facts surrounding the accident are disputed, this case is not one of the rare instances in which summary judgment as to liability may be granted based on the application of res ipsa loquitur (see Maroonick, 205 AD3d at 423; see also Aponte v City of New York, 143 AD3d 552 [1st Dept 2016]; cf. Valdez v Upper Creston, LLC, 201 AD3d 560, 561 [1st Dept 2022]).
We have reviewed plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024